**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GOSOLAR, LLC** | &#124; |
| | &#124; |
| | &#124; |
| Plaintiff, | &#124; |
| | &#124; |
| | &#124;   **CIVIL ACTION NO.:** 1:22-CV-01256-CJN |
| **v.** | &#124; |
| **T-MOBILE USA, INC.** | &#124; |
| | &#124; |
| Defendant. | &#124; |
| _____ | &#124; |

**ANSWER OF T-MOBILE USA, INC.**

Defendant T-Mobile USA, Inc. ("T-Mobile"), by and through its undersigned counsel,
hereby answers the Complaint of GoSolar, LLC ("GoSolar"), and reserves its rights to request
dismissal of the Complaint on any and all grounds. Unless expressly admitted, all allegations set
forth in the Complaint are denied.

**PRELIMINARY STATEMENT**

1.      T-Mobile received a subpoena dated April 20, 2022 from the U.S. House of
Representatives Select Committee to Investigate the January 6th Attack on the United States
Capitol (the "Select Committee") demanding the production of telephone records for the phone
number that T-Mobile understood was used by Plaintiff GoSolar (the "Subpoena"). See Compl.
Ex. A, Dkt. No. 1-1. The Subpoena demanded production of certain records for the time period
November 1, 2020 to January 31, 2021.

2.      T-Mobile sent GoSolar a letter notifying it that T-Mobile was in receipt of the
Subpoena from the Select Committee ("Notice"). The Notice stated that unless T-Mobile received
"documentation no later than May 6, 2022, confirming that you have filed a motion for a protective

order, motion to quash, or other legal process seeking to block compliance with the subpoena[,]"

T-Mobile intended to produce records sought by the Subpoena.

3.      With the Notice, T-Mobile provided GoSolar with a copy of relevant portions of

the Subpoena issued by the Select Committee.

4.      Plaintiff filed this Complaint on May 6, 2022.

5.      T-Mobile has not produced any records in response to the Select Committee's

Subpoena.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.      Answering paragraph 1, T-Mobile incorporates by reference its Preliminary

Statement. T-Mobile admits that it notified GoSolar of T-Mobile's receipt of the Subpoena from

the Select Committee.

2.      Answering paragraph 2, T-Mobile incorporates by reference its Preliminary

Statement. T-Mobile admits that T-Mobile USA Inc. is a Delaware corporation with headquarters

in Bellevue, Washington. T-Mobile admits that the Notice described in paragraph 2 of T-Mobile's

Preliminary Statement stated to "direct any motion, legal process or question to T-Mobile's Legal

and Emergency Response Team[.]"

3.      Answering paragraph 3, the paragraph states legal argument to which no response

is required.

4.      Answering paragraph 4, the paragraph states legal argument to which no response

is required.

5.      Answering paragraph 5, T-Mobile lacks sufficient information to admit or deny the

allegations in the paragraph.

6.      Answering paragraph 6, T-Mobile lacks information sufficient to either admit or deny the allegations. To the extent the paragraph purports to quote from a document, the document speaks for itself, and no response is required.

7.      Answering paragraph 7, T-Mobile lacks information sufficient to either admit or deny the allegations. To the extent the paragraph purports to summarize a document, the document speaks for itself, and no response is required.

8.      Answering paragraph 8, T-Mobile lacks information sufficient to either admit or deny the allegations. To the extent the paragraph purports to summarize a document, the document speaks for itself, and no response is required.

9.      Answering paragraph 9, T-Mobile lacks information sufficient to either admit or deny the allegations. To the extent the paragraph purports to quote from a document, the document speaks for itself, and no response is required.

10.      Answering the first sentence in paragraph 10, to the extent the sentence purports to quote from a document, the document speaks for itself, and no response is required. The allegation in the second sentence of paragraph 10 is a legal argument, to which no response is required.

11.      Answering paragraph 11, T-Mobile lacks information sufficient to either admit or deny the allegations. To the extent the paragraph purports to quote from a document, the document speaks for itself, and no response is required.

12.      Answering paragraph 12, T-Mobile admits it received a subpoena dated April 20, 2022 from the Select Committee requesting the production of certain records identified therein. T-Mobile lacks sufficient information to admit or deny the remaining allegations in paragraph 12.

13.      Answering paragraph 13, T-Mobile admits it notified GoSolar by letter that T-Mobile had "received a subpoena for records related to a phone number associated with your T-

Mobile account" and attached a copy of the relevant portions of the Subpoena. T-Mobile denies the remaining allegations in the paragraph.

14.     Answering the first sentence in paragraph 14, T-Mobile admits it informed GoSolar's counsel the Subpoena sought information related to a phone number associated with GoSolar's account. The allegation in the second sentence of paragraph 14 is a legal argument, to which no response is required. As for the allegation in the third sentence of paragraph 14, T-Mobile admits that it provided the Subpoena attached as Exhibit A to Plaintiff.

15.     Answering paragraph 15, T-Mobile admits the Subpoena requests the production of records described in the Subpoena for the time period November 1, 2020 to January 31, 2021. T-Mobile lacks information sufficient to either admit or deny the remaining allegations in the paragraph.

16.     Answering paragraph 16, T-Mobile admits it received a request for records from GoSolar's counsel and that T-Mobile informed GoSolar's counsel that in order to release the responsive records T-Mobile requires a signed customer consent, which T-Mobile never received. T-Mobile lacks sufficient information to admit or deny the last two sentences in paragraph 16.

17.     Answering paragraph 17, T-Mobile incorporates by reference its responses to paragraphs 1 through 16 in the Complaint.

18.     The allegations in paragraph 18 are legal arguments to which no response is required. To the extent the paragraph purports to quote from a document or documents, the documents speak for themselves, and no response is required.

19.     The allegations in paragraph 19 are legal arguments to which no response is required. To the extent the paragraph purports to quote from a document or documents, the documents speak for themselves, and no response is required.

20.      The allegations in paragraph 20 are legal arguments to which no response is required. To the extent the paragraph purports to quote from a document or documents, the documents speak for themselves, and no response is required.

21.      The allegations in paragraph 21 are legal arguments to which no response is required.

22.      Answering paragraph 22, to the extent the paragraph purports to quote from a document or documents, the documents speak for themselves, and no response is required.

23.      Answering paragraph 23, to the extent the paragraph purports to quote documents, the documents speak for themselves, and no response is required. To the extent a response is required, T-Mobile lacks information sufficient to either admit or deny the allegations.

24.      The allegations in paragraph 24 are legal arguments and requests for relief to which no response is required. To the extent the paragraph purports to quote from a document or documents, the documents speak for themselves, and no response is required.

25.      Answering paragraph 25, T-Mobile incorporates by reference its responses to paragraphs 1 through 24 in the Complaint.

26.      The allegations in paragraph 26 are legal arguments to which no response is required. To the extent the paragraph purports to quote a document, the document speaks for itself, and no response is required

27.      The allegations in paragraph 27 are legal arguments to which no response is required. To the extent the paragraph purports to quote from a document or documents, the documents speak for themselves, and no response is required.

28.      The allegations in paragraph 28 are legal arguments and requests for relief to which no response is required.

29.     Answering paragraph 29, T-Mobile incorporates by reference its responses to paragraphs 1 through 28 in the Complaint.

30.     The allegations in paragraph 30 are legal arguments to which no response is required.

31.     Answering paragraph 31, T-Mobile lacks sufficient information to admit or deny the allegations.

32.     The allegations in paragraph 32 are legal arguments to which no response is required.

33.     The allegations in paragraph 33 are legal arguments to which no response is required.

**PLAINTIFF'S PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not require a response, but to the extent any response is necessary, T-Mobile takes no position whether Plaintiff is entitled to the requested relief and judgment.

**AFFIRMATIVE DEFENSES**

**A.**     Plaintiff's Complaint fails to state a claim against T-Mobile upon which this Court may grant relief.

**B.**     Plaintiff has failed to join an indispensable party. The Select Committee is a necessary party to these proceedings. Failure to join the Select Committee subjects T-Mobile to a substantial risk of incurring multiple or otherwise inconsistent obligations.

Dated: September 30, 2022

Respectfully submitted,

/s/  Caroline A. Morgan
Caroline A. Morgan (admitted *pro hac vice*)
Culhane Meadows PLLC
13101 Preston Road, Ste. 110-1510
Dallas, Texas 75240
(917) 635-4940
cmorgan@cm.law

/s/ David P. Hendel
David P. Hendel
D.C. Bar No. 370705
Culhane Meadows PLLC
1701 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-5823
(202) 683-2022
dhendel@cm.law

*ATTORNEYS FOR T-MOBILE USA, INC.*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of September 2022, the foregoing document was electronically filed with the Court's CM/ECF system, which will send notification of such filing to the following email addresses:

Stanley Woodward – stanley@brandwoodwardlaw.com

*/s/  Caroline A. Morgan*
Caroline A. Morgan