IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GOSOLAR LLC,<br><br>PLAINTIFF,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     1:22-cv-01256-CJN |

**JOINT MEET AND CONFER REPORT AND PROPOSED SCHEDULING ORDER**

   On October 27, 2022, the parties, GoSolar LLC ("GoSolar"), and T-Mobile USA, Inc. ("T-Mobile"), through counsel, conferred by telephone to discuss the topics identified in Fed. R. Civ. P. 26(f) and LCvR 16.3(c). Participants for GoSolar included attorneys Stanley E. Woodward, Jr. and Mark Nobile. Participants for T-Mobile included attorney Caroline A. Morgan. Having met and conferred, and pursuant to the Court's Minute Order of October 14, 2022, LCvR 16.3(d), and Fed. R. Civ. P. 26(f), the parties submit the following Joint Meet and Confer Report and Proposed Scheduling Order.

   **I.**    **Joint Meet and Confer Report**

1. The parties discussed the nature and basis of their claims and defenses, and agree it is likely to be disposed of by dispositive motion. As stated in T-Mobile's Answer, the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol is a necessary party to these proceedings. GoSolar disputes that the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol is a necessary party to these proceedings.

2. As of this date, the parties do not believe that a deadline for joinder or amendment is necessary.

3. GoSolar and T-Mobile do not consent to the assignment of this case to a magistrate judge.

4. GoSolar does not believe there is a realistic possibility of settlement. T-Mobile is not the "real defendant in interest," is "prepared to comply with the subpoena in the absence of a protective court order," and "has no stake in the controversy beyond knowing whether its legal obligation is to comply with the subpoena or not." *United States v. AT&T Co.*, 551 F.2d 384, 385 (D.C. Cir. 1976). Thus, T-Mobile is not in a position to engage in settlement discussions.

5. GoSolar does not believe alternate dispute resolution is feasible in this action. T-Mobile is not the "real defendant in interest," is "prepared to comply with the subpoena in the absence of a protective court order," and "has no stake in the controversy beyond knowing whether its legal obligation is to comply with the subpoena or not." *United States v. AT&T Co.*, 551 F.2d 384, 385 (D.C. Cir. 1976). Thus, T-Mobile is not in a position to engage in any alternative dispute resolution procedures.

6. The parties agree the case is likely to be resolved by dispositive motions and proffer the below briefing schedule for the Court's consideration.

7. The parties stipulate to dispensing with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. T-Mobile further believes that discovery is un-necessary.

8. GoSolar anticipates discovery could include (i) any communication between T-Mobile and the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol concerning the subpoena at issue in this matter; (ii) any communications between T-Mobile and the Select Committee more generally; and (iii) any communications about the Select Committee more generally. Specifically, as alleged in GoSolar's complaint, the "copy of the subpoena" provided by T-Mobile to GoSolar included no information concerning the authority of the Select Committee to request the information sought. As the Supreme Court recognized more than sixty (60) years ago, the "pertinency" of a congressional subpoena involves "two quite different issues." *Deutch v. United States*, 367 U.S. 456, 468 (1961). First, as the Supreme Court recently affirmed, a congressional subpoena is valid only if it is "related to, and in furtherance of, a legitimate task of Congress and must serve a valid legislative purpose. *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031 (2020) (quoting *McGrain v. Daugherty*, 273 U.S. 135, 161 (1927)). Second, assuming *arguendo* a valid legislative purpose, congress must also establish a nexus between the material sought and its proffered matters of inquiry. *See id.* at 2024 ("Most importantly, a congressional subpoena is valid only if it is 'related to, and in furtherance of, a legitimate task of the Congress.'" (quoting *Watkins*, 354 U.S. at 187)). As the Supreme Court explained in *Deutch*, "[t]he other and different pertinency issue [requires] that the questions propounded by the congressional committee were in fact 'pertinent to the matter under inquiry' by the committee." To the extent that the Select Committee provided any articulable basis for its legitimate need for information related to GoSolar, communications concerning that representation are indisputably relevant to the instant litigation. Similarly, if the Select Committee corresponded with T-Mobile concerning the legitimate need for information related to T-Mobile customers other than GoSolar, without articulating a legitimate need for information related to GoSolar, that correspondence would also be indisputably relevant to the instant litigation. Moreover, if no such correspondence exists than the burden on T-Mobile will be negligible, at best. To that end, GoSolar intends to work with T-Mobile in good faith to minimize the amount of any discovery actually requested in this matter. Of course, GoSolar is aware that similarly situated actions in this District have

been resolved without discovery.  However, GoSolar submits that this case is uniquely postured such that the correspondence referenced above may be necessary for the Court to resolve this action and GoSolar respectfully requests the Court not preclude discovery in this matter absent the opportunity for both parties to fully brief the potential necessity of the same.

T-Mobile does not believe any discovery is necessary. T-Mobile is not the "real defendant in interest," is "prepared to comply with the subpoena in the absence of a protective court order," and "has no stake in the controversy beyond knowing whether its legal obligation is to comply with the subpoena or not." *United States v. AT&T Co.*, 551 F.2d 384, 385 (D.C. Cir. 1976).

9. The parties have taken steps to preserve all documents and electronically stored information that might be discoverable in this matter.

10. The parties anticipate the possibility of privilege assertions based on the attorney-client privilege and/or the attorney work-product protection privilege pursuant to Federal Rules of Evidence 501 and 502.

11. The parties do not anticipate the need for any expert testimony. T-Mobile does not believe that any discovery is necessary.

12. This action is not a class action.

13. The parties see no need to conduct discovery in phases or to bifurcate trial. T-Mobile does not believe that discovery is necessary.

14. The parties agree that, if necessary, a pretrial conference can be set after the Court has ruled on the anticipated dispositive motions.

15. The parties agree that, if necessary, a trial date can be set after the Court has ruled on the anticipated dispositive motions.

II. **Proposed Scheduling Order:**

| Deadline | Proposed Date |
| --- | --- |
| Close of Discovery | December 27, 2022 (60 days) |
| Dispositive Motions | January 26, 2023 (30 days) |
| Response | February 26, 2023 (30 days) |
| Reply in Support | March 13, 2023 (14 days) |

**T-Mobile does not believe that discovery is necessary.**

**[SIGNATURE ON NEXT PAGE]**

Dated: October 28, 2022        Respectfully submitted,

                                                    */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Plaintiff GoSolar LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GOSOLAR LLC,** | ) |
| | ) |
| **PLAINTIFF,** | )   1:22-cv-01256-CJN |
| | ) |
| v. | ) |
| | ) |
| **T-MOBILE USA, INC.,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## CERTIFICATE OF SERVICE

On October 28, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

 /s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Plaintiff GoSolar LLC*